UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDWIN R. JONAS, III and                    :          Hon. Joseph H. Rodriguez
BLACKTAIL MOUNTAIN RANCH CO., L.L.C.,

    Plaintiffs,                                  :          Civil Action No. 13-2949

v.                                                           :

NANCY D. GOLD, ESQ., LINDA B. JONAS,   :          OPINION
CHARNEY, CHARNEY & KARAPOUSIS, P.A.,
ADLER, SACHAROW, GOLD, TAYLOR,
KEYSER AND HANGER,                         :

    Defendants.                                :

    This matter comes before the Court on motion of Plaintiff Blacktail Mountain Ranch, LLC for an Order to Show Cause and For Temporary Restraints. See Docket Entry 65.

    Plaintiff Edwin R. Jonas, III ("Jonas") is the managing member of the Plaintiff Blacktail Mountain Ranch. In 1990, Jonas and pro se Defendant Linda B. Jonas ("Linda") divorced. Since that time, there has been a significant amount of litigation. The relevant and very limited history for purposes of this application is as follows.

    In May 2006, the New Jersey Superior Court entered a judgment against Jonas for unpaid child support, alimony, attorney's fees and other obligations. Linda moved to enforce the New Jersey Order in the Montana district court. In February, 2010, the Montana district court issued a writ of execution against Jonas in the amount of $1,091,391.21. The Montana district court also issued a charging order and an order for the appointment of a receiver, foreclosure of the lien, and for the dissolution of the Blacktail Mountain Ranch. The proceeds generated by dissolving the Ranch were ordered to be applied as satisfaction against the New Jersey judgment.

In plain terms, Jonas and Blacktail Mountain Ranch filed an action in this Court on May 3, 2013 against Linda and the attorney and law firms that have assisted her in obtaining the May 2006 judgment and then enforcing it in Montana. The Amended Complaint invokes both diversity and subject matter jurisdiction. Plaintiffs claim that the New Jersey Judgment was fraudulently obtained and that "the validity of the Montana judgment [ordering dissolution of Blacktail Mountain Ranch] is based on the assumption that certain judgments used in reaching that judgment were final judgments when in fact they were not final judgment[s] under New Jersey law." See Plaintiff's Brief in Support, 4. Plaintiffs allege that the finality of both the Montana Judgment and the New Jersey Judgment are issues in the present case. Id.

Plaintiff Blacktail Mountain Moves for and Order to Show Cause and for Temporary Restraints

> "prohibiting Linda Jonas from taking any further action upon the New Jersey Judgment in the state of Montana or elsewhere and an order prohibiting the Montana State Judiciary, Defendant Linda B. Jonas' attorneys, Sullivan, Tabaracci and Rhoades P.C., Quentin M. Rhoades, Esq. Robert Erickson and Craig Mungas as an attorney and receiver, Steve STelling (sic) and Dawn Maddux from taking any further action in furtherance of the sale or other transfer of any property in which Plaintiffs BMR or Edwin Jonas now or ever has had any ownership interest, pending any further order of this Court."

Plaintiff's Brief in Support, at 5.

Essentially, Plaintiff seeks to restrain the sale of Ranch property which the Montana district court ordered in February 2010. According to the Affidavit of Edwin R. Jonas, III, submitted in support of the TRO, the Montana Twelfth Judicial District Court, Lake County Vicinage entered an Order on April 21, 2014 directing the sale of all real property owned or titled in the names of Blacktail Mountain Ranch, LLC and/or

Edwin R. Jonas, III.  Jonas Aff., Ex. A.  The Order further directs the receiver to sell any property as soon as he deems reasonably practicable. Id.  As a result, Plaintiff claims that harm is imminent and no prejudice will result from imposing restraints on the sale.

A court should only grant the extraordinary relief of a temporary restraining order ("TRO") where the petitioner demonstrates that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998); see also Ballas v. Tedesco, 41 F.Supp.2d 531, 537 (D.N.J. 1999) (as to temporary restraining order). All four factors must be established to justify preliminary relief. Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990).

Blacktail Mountain Ranch's request for a TRO is denied.  Blacktail Mountain Ranch has failed to demonstrate a sufficient likelihood of success on the merits.  Plaintiffs face the difficult task of demonstrating that their claims are not barred by the Rooker-Feldman doctrine, res judicata, and collateral estoppel. See Jonas v. Jonas, No. : CV 13-90, 2014 WL 978099, *5-6 (D. Mont. March 12, 2014) (dismissing case); Jonas v. Jonas, 2011 WL 6820244 (N.J. Super. A.D. Dec. 29, 2011); Jonas v. Jonas, 2008 WL 239069 (N.J. Super. A.D. Jan.30, 2008).  Moreover, Plaintiffs fail to sufficiently demonstrate that the amended complaint is not barred by the domestic relations exception to federal diversity jurisdiction, 28 U.S.C. § 1332. See Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 245 (3d Cir. 2008) (applying the exception where litigant seeks the "issuance or modification of a divorce decree.")  Because the Court finds that the first factor is not satisfied, it need not address the remaining considerations.

Plaintiff Blacktail Mountain Ranch's application for an order to show cause and a TRO is denied. An appropriate Order shall issue.

Dated: May 13, 2014

/s Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ,
United States District Judge